## Gimbel Bros., Inc. v. Cohen

*Charles Blasband,* for plaintiff.

*Jack H. Rounick,* for defendant.

DITTER, J., March 7, 1969.—This case focuses on a narrow but important issue: Does the Uniform Commercial Code's statute of limitations apply to an action brought by a store for the price of items purchased by a customer on his charge account? We conclude the code governs and, therefore, that all such suits must be instituted within four years.

Plaintiff, a department store, started this action to recover $242, the price of clothing sold on credit to defendant, Hortense Cohen. It is admitted that Mrs. Cohen's last purchase was made more than four years, but less than six years, before suit was instituted. Mrs. Cohen filed an answer with new matter which alleged that the four-year statute of limitations set forth in section 2-725 of the Uniform Commercial Code of April 6, 1953, P. L. 3, as amended, 12A PS §2-725, constitutes a bar to plaintiff's suit. When the pleadings were closed, defendant filed the motion for judgment now before us.

In response, plaintiff contends:

1. The statute of limitations on an action to collect a debt is six years;

2. A defense raising the statute of limitations cannot serve as a basis for defendant's motion for judgment on the pleadings.

Section 1 of the Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31, provides that "all actions of debt" must be commenced within six years. Plaintiff contends that since its suit is an action to collect a debt, the Act of 1713 gives it six years after Mrs. Cohen's last purchase within which to proceed.

The Uniform Commercial Code became effective in Pennsylvania on July 1, 1954. Section 2-725(1)

states: "An action for breach of any contract for sale [of goods] must be commenced within four years after the cause of action has accrued." Mrs. Cohen contends that the failure to pay for items purchased on credit amounts to a breach of the contract governing their sale and thus that suit must be brought within the four-year-period referred to in the code.

First of all, it is quite apparent that the clothing which Mrs. Cohen purchased comes within the definition of "goods" found in section 2-105 (1) of the code. Secondly, each purchase and delivery created a "contract for sale" as that term is defined in section 2-106 (1). Each time Mrs. Cohen received an article of clothing, she promised to pay the price placed upon it by Gimbels. Her failure to do so amounted to a breach of the "contract for sale" she had entered into with Gimbels.

The sole remedy afforded by the code when a buyer fails to make payment for his purchases is an "Action for the Price" as defined in section 2-709.* Therefore, plaintiff's suit is, in effect, a series of section 2-709 "Actions for the Price" of goods. Section 2-709 is found in part 7, art. 2, of the code. In this same part of the code, which is entitled "Remedies," appears section 2-725 setting forth the four-year-statute of limitations. The inclusion of both sections in the "Remedies" portion of the code clearly indicates that the limitation contained in section 2-725 is to be imposed upon a seller's action under section 2-709.

There is another factor which suggests the applicability of the code in matters of this type. If a seller delivers an article which turns out to be defectively manufactured, the buyer can file suit or counterclaim for a breach of warranty under section 2-714. This

---

* This section provides: "When the buyer fails to pay the price as it becomes due the seller may recover . . . the price (a) of goods accepted. . . ."

remedy, however, is limited by the statute of limitations found in section 2-725. Thus, if Mrs. Cohen had purchased a vacuum cleaner which functioned improperly and damaged her furniture, she might well have refused to pay for it. If she had permitted four years to go by, she would now be without a cause of action. Nevertheless, if a suit brought by Gimbels to recover the unpaid price of the vacuum cleaner were considered to be an "action of debt" carrying with it a six-year-statute of limitations, Gimbels could recover the price and be immune to any counterclaim by Mrs. Cohen. Obviously, fairness can exist only if the same statute limits actions brought by both buyer and seller.

This decision should not be interpreted to mean that the Uniform Commercial Code has abolished the six-year-statute of limitations set forth in the Act of 1713. In this case, we are only concerned with the statute of limitations applied to the sale of goods, as contrasted with the statute which governs an action brought to recover for an unpaid note or for unpaid services. Since notes and services do not involve the sale of goods, an action for a debt arising from either an unpaid note or unpaid services would not come within the provisions of the Uniform Commercial Code.

Gimbels also contends that this court should never have considered the merits of defendant's motion for judgment. Plaintiff argues that a motion for judgment on the pleadings is, in effect, a preliminary objection. Since a statute of limitations defense is an affirmative one, it may not be raised by means of preliminary objections. Therefore, runs plaintiff's argument, the motion for judgment on the pleadings should be denied for procedural reasons.

We do not agree. Where the pleadings show that plaintiff's claim is barred by the statute of limitations, a court may enter judgment in favor of defendant on

those pleadings: Halpin v. Frank, 85 Montg. 250, 253 (1965) ; 2A Anderson, Pa. Civ. Pract. §1034.18.

And now, March 7, 1969, defendant's motion for judgment is hereby granted and the prothonotary is directed to enter judgment for defendant and against plaintiff.